By the Couet.
Boswoeth, J.
No facts are stated, as imposing any duty upon the defendants, beyond the allegations that they were landlords, and owners in fee of the lot, dwelling-house and appurtenances. The duty implied by the facts stated, is that expressed by the maxim; “ sieutere tuo ut alienum non Icedas.” In such a case, it is evident, that a cause of action would not be even •prima facie established, by proof that the defendants were landlords and owners in fee of the premises, and that while the plain *445 tiff stood on tbis stone, it gave way, and he fell into an excavation under it, and was injured.
It would be necessary to go further, and prove some fault of the defendants, which produced the casualty. If there were any facts existing, which, under any statutory law, made it the defendants’ duty to maintain a covering over the excavation, which should be safe at all events, neither the facts, nor such a law have been stated in the complaint, or appear to have been established on the trial.
If the defendants’ liability depends upon the question whether their negligence was the cause of the injury complained of, we must hold that it was not, if the finding of the jury embraces all the facts necessary to be known to determine that question. If other facts, beside those specially found, must be known in order to arrive at a just conclusion, then, unfortunately for both parties, the cause must be again tried. If the building was erected, and all the materials furnished and works done, were furnished and done, in conformity with the contract, there was no negligence, under the finding of the jury, unless there was negligence in making such a contract.
We are unable to see that the question secondly submitted, involved in its decision the examination and determination of that question. If it could be seen that it did, and that the finding of the jury to it, determined that there was no negligence in making the contract, we do not perceive any grounds on which the defendants could be made liable on such a state of facts, as the case, in that view of it, would present.
If the defendants made a contract calling for materials, or workmanship, which would leave the covering over the excavation unsafe and insecure, and if they knew these would leave it insecure, or if such inquiries as a discreet person, under the circumstances, would ordinarily make, would have given them notice, or just grounds to believe, it would be unsafe and insecure, they would be guilty of negligence in making such a contract. In such a case, if the injury was caused by such an unsafe and insecure structure, without any negligence on the part of the plaintiff, contributing to produce the casualty that caused the injury, the defendants in our judgment would be liable.
In the case of The Rochester White Lead Company v. The City *446 of Rochester, (3d Coms. 463,) tbe defendants were beld liable for tbe damages caused by a culvert tbey bad constructed, on tbe ground of negbgence in constructing it. It bad not sufficient capacity to discharge tbe water it was designed to draw off, and was unskilfully constructed, and these defects were found to have been tbe result of employing and following tbe advice of an incompetent and non-professional engineer.
Speaking of tbe test of tbe defendants’ liability, Taylor, J., who debvered the opinion of tbe court, said, “ In the construction of a work like this, tbey were bound to exercise that care and prudence which a discreet and cautious individual would or ought to use, if tbe whole loss or risk were to be bis alone.”
Such a rule makes tbe fact of liability depend upon tbe fact of negligence.
In the case of The Mayor, &c., of Lyme Regis v. Hentley, (1 Bing. N. C. 222,) Park, J., in delivering the opinion of tbe Judges, after stating tbe case and tbe pleadings, observes, that “ in order to make this declaration good, it must appear, First, That tbe corporation are under a legal obligation to repair tbe place in question. Secondly, That such obligation is matter of so general a public concern, that an indictment would lie against tbe corporation for non-repair. Thirdly, That tbe place in question was out of repair; and, Lastly, that tbe plaintiff has sustained some peculiar damage, beyond tbe rest of tbe king’s subjects, by such want of repair.”
In tbe case of The Mayor, &c., of New York v. Furze, tbe corporation was beld bable for tbe consequences of not repairing sewers, which it was their duty to repair. But tbe corporation bad notice that repairing was necessary, and its agents, who were directed to see to tbe repairs, wholly neglected to make them. (3d Hill, 612.) Tbe question of actual negligence was submitted to tbe jury as one of fact.
Vaughan v. Menlore, (3d Bing. N. C. 468,) was a case of actual negligence. Tbe Judges agreed, that “ tbe care taken by a prudent man, has always been tbe rule laid down; and as to tbe supposed difficulty of applying it, a jury has always been able to say, whether, taking that as their guide, there has been negligence on tbe occasion in question.”
Livingston v. Adams, (8 Cowen, 175,) seems to declare tbe rule, *447 tbat where one builds a dam upon a proper model, and the worK is well and substantially done, be is not bable to an action, though it break away, in consequence of which his neighbor’s dam and mill, below, are destroyed. That negligence must be shown in order to make him bable.
If a plaintiff claims to recover damages against a defendant, incurred merely by reason of an insufficient structure erected by the latter, he must allege, and, if the allegations are controverted, must prove facts which show that the duty has been imposed upon the defendant, of so erecting and maintaining it, that no injury shall result, either from original defects, or from its being out of repair. Unless enough is alleged and proved to create a duty to be performed, at all events, and at the peril of the party, so as to make him practicaby an insurer of the sufficiency of the original erection, and of its continuing safety, then it is impossible to maintain an action, except upon facts estabhshing an injury, resulting from the negligence of the defendants, without any concurring negbgence on the part of the plaintiff.
Many of the general principles applicable to such a case, are fully discussed and clearly stated, in The Mayor, &c., of Albany v. Cunliff, (2 Coms. 165.)
The counsel for the plaintiff on the argument before us, assumed, that this stone was within the boundary lines of the Sixth avenue, and was not on the plaintiff’s own lot.
If the fact of its being wholly or in part within the pubbc street, is deemed important, and if it is really out of the line of the defendants’ lot, and in the avenue, and if there are any municipal ordinances, that create any duty to be performed by the defendants, by reason of those facts, different from that arising on the facts stated in the complaint, the plaintiff, to avail himself of them, must state those facts and ordinances in his complaint, and if they are put in issue, must prove them.
We do not feel justified from any thing appearing in the case before us, in assuming that this flagstone was a part of the pubbc street, or side-walk, and was wholly, or in part, without the limits of the defendants’ lot.
Dygert v. Schenck, (23 Wend. 446,) only decides, that where a man who owns a farm, through which a pubbc highway runs, digs a ditch across the road, and constructs a bridge over the *448 ditch, he must keep- it perfectly safe. If he does not, and if a person is injured by reason of its getting out of repair, the party-erecting the bridge is liable.- If he-interfered-with the public highway, he should make and keep the road as good-as it was before he dug his ditch. That is a rule sufficiently favorable for the protection of the public, assuming, the road to have been entirely safe-when,the defendant interfered with it.
In this .case, the whole gravamen of the complaint is the negligence of the defendants. , ;
■ No duty is alleged except that which arises from their being the landlords and owners, in fee, of the property described in the complaint.
The only question submitted to the jury, relating to the fact .of the negligence of the defendants, has been found in their favor. The plaintiff cannot have a judgment on such a verdict.
We think, on the case as now presented, the question might have, been properly submitted, whether they were guilty of negligence in -making the contract, under which the building and premises were completed. If there are facts which warrant the position, and the plaintiff deems it important to insist that the defendants were subject to any duty which the complaint, as now framed, does not disclose, he should take the necessary steps to so amend the complaint, as to present all the material facts out of which such duty arises, so that the defendants may take issue-on them, and be prepared to controvert them, on another trial.
The verdict must be set -aside, and a new trial ordered, with costs to abide the event.